UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION

JOSE DOMINGUEZ,                    :
                                   :
                                   :    NO. 1:11-CV-00220
          Plaintiff,               :
                                   :
     v.                            :    **OPINION AND ORDER**
                                   :
JOSEPH T. DETERS,                  :
                                   :
                                   :
          Defendant.               :

          This matter is before the Court on the Magistrate Judge's
April 20, 2011 Report and Recommendation (doc. 4), and Plaintiff's
Objections (doc. 6).  For the reasons indicated herein, the Court
ADOPTS and AFFIRMS the Magistrate Judge's Report and Recommendation
and DISMISSES this case from the Court's docket.

**I.  Background**

          Plaintiff, an inmate at the London Correctional
Institution in London, Ohio, is currently serving a criminal
sentence for aggravated trafficking (doc. 6). He filed this action
claiming a violation of his rights pursuant to 42 U.S.C. § 1983
(doc. 1).  Plaintiff alleges that Defendant, the prosecuting
attorney in Plaintiff's criminal conviction, committed perjury in
July 1995 when he "swore to the governor of Ohio" that Plaintiff
was in the state of Ohio when he committed the crime for which he
is currently incarcerated (Id.).  Plaintiff claims that Defendant
knew Plaintiff was not in Ohio at the time of the commission of the

crime, but still presented false evidence to the Grand Jury and at trial that Plaintiff was in fact in Ohio (Id.).  Plaintiff seeks relief of $12 million (Id.).

The Magistrate Judge took review sua sponte of the complaint to determine if the complaint should be dismissed because it is frivolous, malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief.  See Prison Litigation Reform Act of 1995 § 804, 28 U.S.C. § 1915(e)(2)(B).

## II.  Discussion

The Court reviews this matter de novo because Plaintiff filed objections to the Magistrate Judge's Report and Recommendation.  Fed. R. Civ. P. 72(b).  Rule 72(b) states that "[t]he district judge to whom the case is assigned shall make a de novo determination upon the record, or after additional evidence, of any portion of the magistrate judge's disposition to which specific written objection has been made in accordance with this rule."  Id.  The Rule further indicates that "[t]he district judge may accept, reject, or modify the recommended decision, receive further evidence, or recommit the matter to the magistrate judge with instructions."  Id.

A motion to dismiss pursuant to Federal Rule of Civil Procedure 12(b)(6) requires the Court to determine whether a cognizable claim has been pled in the complaint.  The basic federal

pleading requirement is contained in Fed. R. Civ. P. 8(a), which requires that a pleading "contain . . . a short and plain statement of the claim showing that the pleader is entitled to relief." Westlake v. Lucas, 537 F.2d 857, 858 (6th Cir. 1976); Erickson v. Pardus, 551 U.S. 89 (2007). In its scrutiny of the complaint, the Court must construe all well-pleaded facts liberally in favor of the party opposing the motion. Scheuer v. Rhodes, 416 U.S. 232, 236 (1974). A complaint survives a motion to dismiss if it "contain[s] sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." Courie v. Alcoa Wheel & Forged Products, 577 F.3d 625, 629-30 (6th Cir. 2009), quoting Ashcroft v. Iqbal, 129 S.Ct. 1937, 1949 (2009), citing Bell Atlantic Corp. v. Twombly, 550 U.S. 544 (2007).

A motion to dismiss is therefore a vehicle to screen out those cases that are impossible as well as those that are implausible. Courie, 577 F.3d at 629-30, citing Robert G. Bone, Twombly, Pleading Rules, and the Regulation of Court Access, 94 IOWA L. REV. 873, 887-90 (2009). A claim is facially plausible when the plaintiff pleads facts that allow the court to draw the reasonable inference that the defendant is liable for the conduct alleged. Iqbal, 129 S.Ct. at 1949. Plausibility falls somewhere between probability and possibility. Id., citing Twombly, 550 U.S. at 557. As the Supreme Court explained,

> "In keeping with these principles a court considering a motion
> to dismiss can choose to begin by identifying pleadings that,

3

because they are no more than conclusions, are not entitled to the assumption of truth. While legal conclusions can provide the framework of a complaint, they must be supported by factual allegations. When there are well-pleaded factual allegations, a court should assume their veracity and then determine whether they plausibly give rise to an entitlement to relief." <u>Id</u>. at 1950.

The admonishment to construe the plaintiff's claim liberally when evaluating a motion to dismiss does not relieve a plaintiff of his obligation to satisfy federal notice pleading requirements and allege more than bare assertions of legal conclusions. Wright, Miller & Cooper, Federal Practice and Procedure: § 1357 at 596 (1969). "In practice, a complaint . . . must contain either direct or inferential allegations respecting all of the material elements [in order] to sustain a recovery under some viable legal theory." <u>Car Carriers, Inc. v. Ford Motor Co.</u>, 745 F.2d 1101, 1106 (7th Cir. 1984), quoting <u>In Re: Plywood Antitrust Litigation</u>, 655 F.2d 627, 641 (5th Cir. 1981); Wright, Miller & Cooper, Federal Practice and Procedure, § 1216 at 121-23 (1969). The United States Court of Appeals for the Sixth Circuit clarified the threshold set for a Rule 12(b)(6) dismissal:

> [W]e are not holding the pleader to an impossibly high standard; we recognize the policies behind Rule 8 and the concept of notice pleading. A plaintiff will not be thrown out of court for failing to plead facts in support of every arcane element of his claim. But when a complaint omits facts that, if they existed, would clearly dominate the case, it seems fair to assume that those facts do not exist.

<u>Scheid v. Fanny Farmer Candy Shops, Inc.</u>, 859 F.2d 434, 437 (6th Cir. 1988).

**A.    The Magistrate Judge's Report and Recommendation (doc. 4)**

In the Report and Recommendation the Magistrate Judge thoroughly reviewed Plaintiff's Complaint.  The Magistrate Judge recommended the Complaint be dismissed pursuant to Rule 12(b)(6) because she believed the Complaint to be frivolous since it lacks a rational basis in fact or law.  Neitzke v. Williams, 409 U.S. 319, 328-29 (1989).  There is no arguable legal basis for a claim when the defendant is immune from suit.  Id. at 327.

The Magistrate Judge found that the Complaint should be dismissed because Plaintiff seeks relief from Defendant who is immune from such relief (doc. 4).  Defendant is immune from suit because he was acting in a role "intimately associated with the judicial phase of the criminal process" (doc. 4, citing Manetta v. Macomb County Enforcement Team, 141 F.3d 270, 274 (6th Cir. 1998)(quoting Imbler v. Pachtman, 424 U.S. 409, 430 (1976)).  A prosecutor's initiation and presentation of a case to a Grand Jury falls within the traditional functions of a prosecutor and is shielded by absolute immunity.  Grant v. Hollenbach, 870 F.2d 1135, 1139 (6th Cir. 1989).  The Magistrate Judge determined that Defendant is immune from a civil suit for damages under § 1983 (doc. 4).

Additionally, the Magistrate Judge found that Plaintiff has no right to relief under 42 U.S.C. § 1983 because a ruling in favor of Plaintiff would necessarily cast doubt on his state court

5

conviction and sentence (Id.).  A plaintiff may not bring a § 1983 action seeking monetary damages on the basis of an allegedly unconstitutional conviction or sentence unless the plaintiff has already succeeded in having the conviction or sentence invalidated, which Plaintiff has not done.  Heck v. Humphrey, 512 U.S. 477, 487 (1994).  When an inmate's successful § 1983 damages action would necessarily imply that his sentence or conviction was invalid, the complaint must be dismissed unless the plaintiff can demonstrate his conviction or sentence has been reversed on appeal, expunged by executive order, declared invalid by a state tribunal authorized to make such determinations, or called into question by the issuance of a writ of habeas corpus in order to proceed with the § 1983 action.  Id. at 487.

Plaintiff's successful suit would necessarily imply that his state court conviction and resulting imprisonment are invalid (doc. 4).  Plaintiff, however has not alleged any fact showing his conviction has been invalidated by a federal or state court or other appropriate tribunal (Id.).  The Magistrate Judge strongly recommended that since Plaintiff has not demonstrated his conviction has been overturned or invalidated, he may not proceed with a § 1983 action for money damages against Defendant (Id.).

**B.  Plaintiff's Objections (doc. 6)**

Plaintiff argues in his Objections that the Magistrate Judge failed to adequately consider the role the prosecutor took on

in the proceeding (doc. 6).  Plaintiff asserts that Defendant acted in the capacity of an administrator or investigative officer rather than as an advocate when Defendant made certification to the governor of Ohio as to Plaintiff's whereabouts (Id.).  Plaintiff further alleges that since Defendant was not acting within his traditional government functions, he is not entitled to immunity from suit (Id.).

Plaintiff further alleges that he meets the requirements of a § 1983 action and offers two writs of habeas corpus to demonstrate this (Id., ex. A & B).  Plaintiff argues that the writs of habeas corpus entitle him to continue with his § 1983 action for monetary damages.

## C.    Analysis

Having reviewed and considered this matter de novo, the Court finds the Magistrate Judge's Report and Recommendation thorough and well-reasoned.  The Court therefore adopts and affirms in all respects the opinions expressed in the Report and Recommendation (doc. 4), and denies Plaintiff's Objections (doc. 6).

In spite of Plaintiff's objections to the Magistrate Judge's report, a prosecutor is immune from suit when acting in any role that is "intimately associated with the judicial phase of the criminal process."  Imbler, 424 U.S. at 430; see also Manetta, 141 F.3d at 274.  At issue, according to the Plaintiff, is whether

Defendant was acting within his traditional government function as a prosecutor.  If Defendant was not, as Plaintiff contends, the Defendant is not entitled to immunity from suit (doc. 6).  Plaintiff, however, misunderstands applicable rules governing immunity.  While it is true that Defendant is not entitled to absolute immunity while acting outside of those roles "intimately associated with the judicial process," Defendant is still entitled to a qualified, or good faith, immunity standard.  Spurlock v. Thompson, 330 F.3d 791, 797 (6th Cir. 2003); see also Grant v. Hollenbach, 870 F.2d at 1139.  Though it seems clear that Defendant was acting within his traditional government role, even if he was not, he would still be entitled to a qualified immunity from suit.  Plaintiff has indicated nothing in his complaint to substantiate his claim, which is required according to the applicable standard used in a 12(b)(6) motion, that Defendant acted in bad faith.  Consequently this argument fails.

Plaintiff's argument is further rendered moot by the requirements of the Ohio Revised Code for extradition.  According to the Ohio Revised Code, "[when the return to this state of a person charged with a crime in this state is required, the prosecuting attorney shall present to the governor a written application for a requisition for the return of the person charged."  29 O.R.C. § 2963.21.  Furthermore, "[t]he prosecuting attorney shall certify that in the prosecuting attorney's opinion

the ends of justice require the arrest and return of the person charged to this state for trial." Id. Defendant not only properly followed Ohio Revised Code by certifying to the governor his request for requisition of Plaintiff, Ohio law expressly delegates the responsibility of initiating extradition to the prosecuting attorney. Thus, the prosecuting attorney's actions here were "intimately associated with the judicial phase of the criminal process." Imbler, 424 U.S. at 430. Plaintiff's argument is consequently without merit.

Furthermore, Plaintiff's action would be barred even if the earlier arguments succeeded. As noted by the Magistrate Judge, the requirement that Plaintiff demonstrate that his conviction or sentence has been reversed on appeal, expunged by executive order, declared invalid by a state tribunal authorized to make such determinations, or called into question by the issuance of a writ of habeas corpus in order to proceed with the § 1983 action is not satisfied in Plaintiff's Complaint. Heck, 512 U.S. at 487.

The writs of habeas corpus attached to Complaint do nothing to advance Plaintiff's cause (doc. 6, ex. A & B). These writs were issued by two Texas authorities in relation to Plaintiff's detention in Texas prior to his extradition and subsequent conviction in Ohio. Consequently these writs are irrelevant to the current 42 U.S.C. § 1983 action. For a habeas

9

petition to be relevant to this proceeding, Plaintiff needed to successfully file for a petition specifically regarding his current incarceration and within the statutorily-required time frame.  28 U.S.C. §§ 2254.  Since Plaintiff did not take this action, he has no grounds on which to assert the issue and no demonstration of the requirement for proceeding with the § 1983 action. <u>Id.</u>.

**III.  Conclusion**

For the above reasons, the Court ADOPTS and AFFIRMS the Magistrate Judge's Report and Recommendation (doc. 4) in all respects, and DISMISSES this case from the Court's docket.


SO ORDERED.


Date: June 7, 2011          /s/ S. Arthur Spiegel
                            S. Arthur Spiegel
                            United States Senior District Judge